UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

BRUCE P.,

              Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

              Defendant.
_____

**DECISION AND ORDER**

1:21-CV-00241 EAW

# INTRODUCTION

Represented by counsel, plaintiff Bruce P. ("Plaintiff") brings this action pursuant to Titles II and XVI of the Social Security Act (the "Act"), seeking review of the final decision of the Commissioner of Social Security (the "Commissioner," or "Defendant") denying his applications for disability insurance benefits ("DIB") and supplemental security income ("SSI"). (Dkt. 1). This Court has jurisdiction over the matter pursuant to 42 U.S.C. § 405(g). Presently before the Court are the parties' cross-motions for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure (Dkt. 8; Dkt. 9), and Plaintiff's reply (Dkt. 10). For the reasons discussed below, Plaintiff's motion (Dkt. 8) is granted to the extent that the matter is remanded for further administrative proceedings and the Commissioner's motion (Dkt. 9) is denied.

**BACKGROUND**

Plaintiff protectively filed his applications for DIB and SSI on August 19, 2015. (Dkt. 7 at 141-42, 167).[1] In his applications, Plaintiff alleged disability beginning December 29, 2014. (*Id.* at 167, 312, 319). Plaintiff's applications were initially denied on December 21, 2015. (*Id.* at 167, 190-97). At Plaintiff's request, a hearing was held before administrative law judge ("ALJ") Maria Herrero-Jaarsama on January 12, 2018. (*Id.* at 94-137). On March 15, 2018, the ALJ issued an unfavorable decision. (*Id.* at 164-81). Plaintiff requested Appeals Council review and on March 18, 2019, the Appeals Council entered an order vacating the ALJ's decision and remanding the case for further proceedings by an ALJ. (*Id*. at 182-87). On remand, a hearing was held before ALJ Stephen Cordovani on January 23, 2020. (*Id*. at 42). The ALJ issued an unfavorable decision on March 24, 2020. (*Id*. at 17-40). Plaintiff again sought Appeals Council review; his request was denied on December 23, 2020, making the ALJ's determination the Commissioner's final decision. (*Id.* at 6-11). This action followed.

**LEGAL STANDARD**

**I.   District Court Review**

"In reviewing a final decision of the [Social Security Administration ("SSA")], this Court is limited to determining whether the SSA's conclusions were supported by

---

[1] When referencing the page number(s) of docket citations in this Decision and Order, the Court will cite to the CM/ECF-generated page numbers that appear in the upper righthand corner of each document.

substantial evidence in the record and were based on a correct legal standard." *Talavera v. Astrue*, 697 F.3d 145, 151 (2d Cir. 2012) (quotation omitted); *see also* 42 U.S.C. § 405(g). The Act holds that a decision by the Commissioner is "conclusive" if it is supported by substantial evidence. 42 U.S.C. § 405(g). "Substantial evidence means more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Moran v. Astrue*, 569 F.3d 108, 112 (2d Cir. 2009) (quotation omitted). It is not the Court's function to "determine *de novo* whether [the claimant] is disabled." *Schaal v. Apfel*, 134 F.3d 496, 501 (2d Cir. 1998) (quotation omitted); *see also Wagner v. Sec'y of Health & Human Servs.*, 906 F.2d 856, 860 (2d Cir. 1990) (holding that review of the Secretary's decision is not *de novo* and that the Secretary's findings are conclusive if supported by substantial evidence). However, "[t]he deferential standard of review for substantial evidence does not apply to the Commissioner's conclusions of law." *Byam v. Barnhart*, 336 F.3d 172, 179 (2d Cir. 2003) (citing *Townley v. Heckler*, 748 F.2d 109, 112 (2d Cir. 1984)).

## II.  Disability Determination

An ALJ follows a five-step sequential evaluation to determine whether a claimant is disabled within the meaning of the Act. *See Parker v. City of New York*, 476 U.S. 467, 470-71 (1986). At step one, the ALJ determines whether the claimant is engaged in substantial gainful work activity. *See* 20 C.F.R. §§ 404.1520(b), 416.920(b). If so, the claimant is not disabled. If not, the ALJ proceeds to step two and determines whether the claimant has an impairment, or combination of impairments, that is "severe" within the meaning of the Act, in that it imposes significant restrictions on the claimant's ability to

perform basic work activities. *Id*. §§ 404.1520(c), 416.920(c). If the claimant does not have a severe impairment or combination of impairments, the analysis concludes with a finding of "not disabled." If the claimant does have at least one severe impairment, the ALJ continues to step three.

At step three, the ALJ examines whether a claimant's impairment meets or medically equals the criteria of a listed impairment in Appendix 1 of Subpart P of Regulation No. 4 (the "Listings"). *Id*. §§ 404.1520(d), 416.920(d). If the impairment meets or medically equals the criteria of a Listing and meets the durational requirement (*id*. §§ 404.1509, 416.909), the claimant is disabled. If not, the ALJ determines the claimant's residual functional capacity ("RFC"), which is the ability to perform physical or mental work activities on a sustained basis, notwithstanding limitations for the collective impairments. *See id*. §§ 404.1520(e), 416.920(e).

The ALJ then proceeds to step four and determines whether the claimant's RFC permits the claimant to perform the requirements of his or her past relevant work. *Id*. §§ 404.1520(f), 416.920(f). If the claimant can perform such requirements, then he or she is not disabled. If he or she cannot, the analysis proceeds to the fifth and final step, wherein the burden shifts to the Commissioner to show that the claimant is not disabled. *Id*. §§ 404.1520(g), 416.920(g). To do so, the Commissioner must present evidence to demonstrate that the claimant "retains a residual functional capacity to perform alternative substantial gainful work which exists in the national economy" in light of the claimant's age, education, and work experience. *Rosa v. Callahan*, 168 F.3d 72, 77 (2d Cir. 1999) (quotation omitted).

**DISCUSSION**

I. **The ALJ's Decision**

In determining whether Plaintiff was disabled, the ALJ applied the five-step sequential evaluation set forth in 20 C.F.R. §§ 404.1520 and 416.920. Initially, the ALJ determined that Plaintiff last met the insured status requirements of the Act on September 30, 2015. (Dkt. 7 at 22). At step one, the ALJ determined that Plaintiff had not engaged in substantial gainful work activity since December 29, 2014, the alleged onset date. (*Id.*).

At step two, the ALJ found that Plaintiff suffered from the severe impairments of paroxysmal atrial fibrillation, degenerative joint disease of the right shoulder and bilateral hips, and vertigo. (*Id.* at 23). The ALJ further found that Plaintiff's medically determinable impairments of glaucoma, hypertension, obstructive sleep apnea, traumatic brain injury, history of transient ischemic attack, bilateral hearing loss, gout, eczema, and left ankle pain were non-severe. (*Id*. at 23-24).

At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of any Listing. (*Id*. at 30). The ALJ particularly considered the criteria of Listings 1.02 and 4.05 in reaching his conclusion. (*Id.*).

Before proceeding to step four, the ALJ determined that Plaintiff retained the RFC to perform medium work as defined in 20 C.F.R. §§ 404.1567(c) and 416.967(c), with the following additional limitations:

> [Plaintiff] can lift, carry, push, and pull 50 pounds occasionally and up to 20 pounds continuously. He can sit for six or more hours and stand/walk for six or more hours. He can occasionally push and pull. He can occasionally climb ramps and stairs. He can occasionally balance on level surfaces, stoop,

and kneel. He can never crouch and crawl. The claimant can frequently reach bilaterally, except he cannot reach overheard with the right upper extremity. He cannot tolerate exposure to unprotected heights and dangerous moving mechanical parts. He cannot operate machinery or climb ladders, ropes, and scaffolds.

(*Id.* at 25). At step four, the ALJ found that Plaintiff was able to perform his past relevant work as a chief guard. (*Id.* at 33).

In the alternative, at step five, the ALJ relied on the testimony of a vocational expert ("VE") to conclude that, considering Plaintiff's age, education, work experience, and RFC, there were jobs that exist in significant numbers in the national economy that Plaintiff could perform, including the representative occupations of laundry worker, cook helper, and food service worker. (*Id.* at 34-35). Accordingly, the ALJ found that Plaintiff was not disabled as defined in the Act. (*Id.* at 35).

## II.     Remand for Further Administrative Proceedings is Required

Plaintiff asks the Court to remand this matter to the Commissioner for further administrative proceedings, arguing that: (1) the ALJ impermissibly relied on his own lay judgment in reaching his RFC finding; and (2) the ALJ failed to develop a complete record. (Dkt. 14 at 1). For the reasons set forth below, the Court agrees that the ALJ impermissibly relied on his own lay judgment in assessing Plaintiff's RFC and that remand for further proceedings is required.

### A.     Assessment of Plaintiff's RFC

In deciding a disability claim, an ALJ is tasked with "weigh[ing] all of the evidence available to make an RFC finding that [is] consistent with the record as a whole." *Matta v. Astrue*, 508 F. App'x 53, 56 (2d Cir. 2013). An ALJ's conclusion need not "perfectly

correspond with any of the opinions of medical sources cited in his decision." *Id.* However, an ALJ is not a medical professional, and "is not qualified to assess a claimant's RFC on the basis of bare medical findings." *Ortiz v. Colvin*, 298 F. Supp. 3d 581, 586 (W.D.N.Y. 2018) (quotation omitted)).  In other words:

> An ALJ is prohibited from "playing doctor" in the sense that an ALJ may not substitute his own judgment for competent medical opinion.  This rule is most often employed in the context of the RFC determination when the claimant argues either that the RFC is not supported by substantial evidence or that the ALJ has erred by failing to develop the record with a medical opinion on the RFC.

*Quinto v. Berryhill*, No. 3:17-cv-00024 (JCH), 2017 WL 6017931, at *12 (D. Conn. Dec. 1, 2017) (quotation and citation omitted).  Thus, as a general rule, "an ALJ's determination of [an] RFC without a medical advisor's assessment is not supported by substantial evidence." *Dennis v. Colvin*, 195 F. Supp. 3d 469, 474 (W.D.N.Y. 2016) (quotation and citation omitted).  However, a formal medical opinion is not required where the record otherwise "contains sufficient evidence from which an ALJ can assess . . . residual functional capacity[.]" *Tankisi v. Comm'r of Soc. Sec.*, 521 F. App'x 29, 34 (2d Cir. 2013); *see also Muhammad v. Colvin*, No. 6:16-cv-06369(MAT), 2017 WL 4837583, at *4 (W.D.N.Y. Oct. 26, 2017) ("While in some circumstances, an ALJ may make an RFC finding without . . . opinion evidence, the RFC assessment will be sufficient only when the record is clear and contains some useful assessment of the claimant's limitations from a medical source." (quotations and citation omitted)).

Here, the record contained two medical opinions as to Plaintiff's physical limitations: the opinion of consultative examiner Dr. Hongbiao Liu dated December 1, 2015 (Dkt. 7 at 751-54); and the opinion of consultative examiner Dr. Susan Dantoni dated

June 10, 2019 (*id*. at 1401-11).  Both Dr. Liu and Dr. Dantoni opined that Plaintiff was limited in his ability to walk.  (*See id*. at 754; 1405).  The ALJ rejected these portions of both medical opinions, and assessed no walking limitations.  In making the determination that Plaintiff was able to walk without limitation, the ALJ cited to no other contradictory medical opinion, nor to any other useful assessment of Plaintiff's limitations by a medical source.  Instead, he cited to "evidence of normal gait and strength in the lower extremities" as supporting "a finding that [Plaintiff] can stand and walk within the normal requirements of medium exertion."  (*Id*. at 28).

The ALJ's lay assessment of these bare medical findings does not constitute substantial evidence for his RFC finding.  Plaintiff suffers from bilateral hip arthritis, vertigo, and heart disease, all of which are complex medical conditions that potentially impact his ability to walk.  X-rays taken in 2015 showed moderate bilateral hip osteoarthritis with joint space narrowing and prominent femoral collar osteophytes.  (*Id* at 570).  The pain associated with the degeneration of these joints was significant enough that Plaintiff received corticosteroid injections.  (*Id*. at 1524).  Plaintiff's vertigo was significant enough to require hospitalization and physical therapy, and a physical therapist recommended that Plaintiff use a cane for stabilization.  (*Id*. at 27, 605).  Further, on physical examination by Dr. Liu, Plaintiff had a reduced range of motion in his lumbar spine. (*Id*. at 753). On physical examination by Dr. Dantoni, Plaintiff had a reduced range of motion in his lumbar spine and in his bilateral hips.  (*Id*. at 1404).  The ALJ, as a layperson, lacked the expertise necessary to determine that notwithstanding these well-documented and significant medical issues, a normal gait and intact strength in the lower

extremities demonstrated the ability to walk without any limitation. *See Greek v. Colvin*, 802 F.3d 370, 375 (2d Cir. 2015) ("The ALJ is not permitted to substitute his own expertise or view of the medical proof for . . . competent medical opinion.").

The Commissioner argues at length that the ALJ reasonably rejected Dr. Liu's and Dr. Dantoni's opinions. (*See* Dkt. 9-1 at 7-8). However, even accepting this contention, once the ALJ rejected these medical opinions, he was still required to rely upon something more than his own lay opinion to determine Plaintiff's RFC. He did not do so, for the reasons discussed above. Accordingly, remand for further administrative proceedings is necessary.

### B. Remaining Argument

As set forth above, Plaintiff has identified an additional reason why he contends the matter must be remanded. However, because the Court has already determined, for the reasons previously discussed, that remand of this matter for further administrative proceedings is necessary, the Court declines to reach this issue. *See, e.g., Bell v. Colvin*, No. 5:15-CV-01160 (LEK), 2016 WL 7017395, at *10 (N.D.N.Y. Dec. 1, 2016) (declining to reach arguments "devoted to the question whether substantial evidence supports various determinations made by [the] ALJ" where the court had already determined remand was warranted); *Morales v. Colvin*, No. 13-cv-06844 (LGS) (DF), 2015 WL 13774790, at *23 (S.D.N.Y. Feb. 10, 2015) (the court need not reach additional arguments regarding the ALJ's factual determinations "given that the ALJ's analysis may change on these points upon remand"), *adopted*, 2015 WL 2137776 (S.D.N.Y. May 4, 2015).

## CONCLUSION

For the foregoing reasons, Plaintiff's motion for judgment on the pleadings (Dkt. 8) is granted to the extent that the matter is remanded for further administrative proceedings. Defendant's motion for judgment on the pleadings (Dkt. 9) is denied. The Clerk of Court is directed to enter judgment and close this case.

SO ORDERED.

_____
ELIZABETH A. WOLFORD
Chief Judge
United States District Court

Dated:  December 29, 2022
        Rochester, New York